IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joshua Lynn Robinson, | ) | |
| | ) | C.A. No. 6:24-1749-HMH-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael Kimbler, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02. Plaintiff, proceeding pro se, brings this 42 U.S.C. § 1983 action alleging that Defendant violated his constitutional rights. In his Report and Recommendation filed on June 20, 2024, Judge McDonald recommends dismissing this action without prejudice, without leave to amend, and without issuance and service of process. (R&R 6, ECF No. 32.)

  Plaintiff filed timely objections to the Report and Recommendation. Objections to a report and recommendation must be specific. A report and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 271 (1976). The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as

reasonably to alert the district court of the true ground for the objection.'" Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Upon review, it appears that Plaintiff has not specifically objected to the substance of the magistrate judge's findings or conclusions. However, out of an abundance of caution, the court will address Plaintiff's claim that Defendant acted in bad faith by falsifying a criminal domestic violence ("CDV") risk assessment, which resulted in his arrest on two felony warrants. (Objs 1, ECF No. 39); (Compl. 4-6, ECF No. 1.) As noted by the magistrate judge, Plaintiff is seeking to relitigate claims that have been adjudicated and decided adversely against him. Plaintiff previously brought a claim against Defendant for falsifying a CDV complaint, which was dismissed for failure to state a claim. See Robinson v. Greer Police Dep't., C/A No. 6:24-cv-00146-HMH (D.S.C. Feb. 12, 2024) (ECF No. 28). In the instant action, Plaintiff again raises claims arising from Defendant's alleged falsification of documents and Plaintiff's subsequent arrest on domestic violence charges. (Objs. Attach., ECF No. 39-1.) These claims are barred by res judicata. Pueschel v. United States, 369 F.3d 345, 354-56 (4th Cir. 2004) ("[T]he doctrine of *res judicata* not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated.").

Moreover, even if res judicata did not apply, any claims for malicious prosecution, false arrest, or false imprisonment fail because a grand jury returned indictments charging Plaintiff with two counts of domestic violence, first degree. Greenville County Public Index,

2

https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (search by case numbers "2021A2320500775" and "2021A2320500776") (last visited July 17, 2024)[1]; Graham v. Connor, 490 U.S. 386, 396 (1989) ("The Fourth Amendment is not violated by an arrest based on probable cause[.]"); Durham v. Horner, 690 F.3d 183, 189 (4th Cir. 2012) ("[A]n indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." (internal quotation marks omitted)).

Based on the foregoing, after reviewing the objected-to portions of the Report and Recommendation de novo and the remainder for clear error, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that this action is dismissed without prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

                                                              s/Henry M. Herlong, Jr.
                                                              Senior United States District Judge

Greenville, South Carolina
July 18, 2024

---

[1] Phillips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) ("[Courts] may properly take judicial notice of matters of public record."); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice . . . is in noticing the content of court records." (internal quotation marks and brackets omitted)).

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.